**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

  v.           Criminal No. 12-cr-102-01-PB

Adeyemi Adeniran


**ORDER OF DETENTION PENDING TRIAL**


  In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on August 10, 2012, for the purpose of determining whether the defendant should be detained.  Defendant has been charged by indictment with false claim of citizenship, in violation of 18 U.S.C. § 911.  The court issued its detention order orally from the bench, and this written order incorporates by reference those findings and rulings.  See 18 U.S.C. § 3142(i)(1).


**Legal Standards**

  Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2).  United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988).  In this case, the government argued that a detention hearing was warranted under 18 U.S.C. § 3142(f)(2)(A)

(serious risk the defendant will flee if released).  The charge
in this case and the government's proffer with respect to risk
of flight satisfies the above parameters, and I therefore find
that the detention hearing was authorized under § 3142(f)(1)(A).

Pursuant to § 3142(f), the court must determine whether any
condition or combination of conditions set forth in § 3142(c)
will reasonably assure the appearance of the defendant ("risk of
flight") and the safety of any other person and the safety of
the community ("dangerousness").  18 U.S.C. § 3142(f); United
States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).  In
making this determination, the court must consider the
following:  (1) the nature and circumstances of the offense
charged; (2) the weight of the evidence as to guilt; (3) the
history and characteristics of the accused, including family
ties, past history, financial resources and employment; and (4)
the nature and seriousness of the danger to any person or the
community that would be posed by a release.  18 U.S.C. §
3142(g).  During the course of a hearing conducted pursuant to
18 U.S.C. § 3142, the government has the burden of persuading
the court that no condition or combination of conditions will
reasonably assure (1) the defendant's presence at trial, United
States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or
(2) the safety of another or the community.  Patriarca, 948 F.2d

at 793.  For its part, the government is required to prove risk

of flight by a preponderance of the evidence and to establish

dangerousness by clear and convincing evidence.  See id. at 792-

93.

### Findings and Rulings

In the instant case, the government argued that defendant's

release poses a serious risk of flight.  After weighing the

evidence and balancing the factors laid out in 18 U.S.C. §

3142(g), the court finds that the government met its burden of

proof.  The court issued its ruling and explained its rationale

orally from the bench.  The court incorporates its oral ruling

herein, and for the reasons stated on the record, finds that the

government met its burden of proving that defendant's release,

even on strict conditions, presents too serious a risk of

nonappearance.  There are no conditions or combination of

conditions that will reasonably assure the appearance of

defendant.  Accordingly, it is **ORDERED** that the defendant be

detained pending trial.

The defendant is committed to the custody of the Attorney

General or his designated representative for confinement in a

correctional facility, to be held separately, to the extent

practicable, from persons awaiting or serving sentences or being

held in custody pending appeal.  The defendant shall be afforded

a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the correctional facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

    SO ORDERED.

                                       _____
                                       Landya B. McCafferty
                                       United States Magistrate Judge

August 10, 2012

cc:  Jonathan R. Saxe, Esq.
     Mark S. Zuckerman
     U.S. Marshal
     U.S. Probation